UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE C. PAPPAS,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT a political subdivision of the STATE OF NEVADA; M. NOLAN #8794, individually and in his official capacity as a police officer; W. STOCKDALE #4992, individually and in his capacity as a police officer, JOHN DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:13cv607-APG-NJK<br><br>**ORDER GRANTING DEFENDANTS' AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. ##30, 34, 36) |

Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, M. NOLAN and W. STOCKDALE filed a Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) [Doc. #30], an Amended Motion for Partial Judgment on the Pleadings [Doc. #34], and a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 [Doc. #36]. Plaintiff did not file an opposition to any of these Motions. Nevertheless, the Court has considered the motions on their merits and finds them worthy of being granted.

**AMENDED MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendants' amended motion for partial judgment on the pleadings is granted.[1] Plaintiff has not alleged any facts giving rise to a claim for a violation of either his Fourteenth Amendment rights or his Eighth Amendment rights. His theories of unreasonable seizure are

---

[1] Defendants' amended motion [Dkt. #34] supersedes its earlier-filed motion [Dkt. #30]. Thus, the original motion [Dkt. #30] is denied without prejudice as moot.

1

protected only under the Fourth Amendment. Plaintiff has thus failed to state plausible 42 U.S.C. Section 1983 claims based upon a Fourteenth Amendment or Eighth Amendment theory.

Plaintiff also has no cognizable claim against Officer Nolan and Sergeant Stockdale in their official capacity because these claims are redundant to the claims against the Las Vegas Metropolitan Police Department ("LVMPD"). Additionally, Plaintiffs' state law claims for assault and battery are subsumed by the Section 1983 Fourth Amendment claim, so these claims likewise state no viable claim for relief. Plaintiff has not alleged a plausible claim for negligence because all the factual allegations allege intentional misconduct inapplicable to negligence theories. Plaintiff further has not alleged facts satisfying the elements of a claim for intentional infliction of emotional distress; therefore this claim also does not state a claim for relief. In addition, the claims for negligent retention, supervision and training cannot resist dismissal because LVMPD has discretionary immunity for these functions pursuant to NRS 41.032. Lastly, Plaintiff cannot recover punitive damages against LVMPD under either federal or state law, nor against the individual Defendants under state law. *See* NRS § 41.035.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' motion for summary judgment is also granted. The facts make clear Officer Nolan acted with objective reasonableness based upon the information available to him when he demanded entry into Plaintiff's home to do a welfare check as to all occupants. Plaintiff could not permissibly resist a search of his home by force. Officer Nolan further acted in an objectively reasonable fashion when he removed Plaintiff from the doorway and secured him in order to complete a lawful police investigation. The evidence is undisputed that Plaintiff resisted the officer. Officer Nolan used reasonable force when he initially pushed Plaintiff against a wall and then in getting him into handcuffs. Under the circumstances, Officer Nolan justifiably took Plaintiff to the ground on his front lawn and placed him in handcuffs.

Sergeant Stockdale is entitled to summary judgment because the evidence is undisputed that he arrived after the seizure and therefore had no personal involvement in the unreasonable seizure allegations.

The record contains no evidence suggesting that a LVMPD policy-making official caused the officers to violate Plaintiff's rights through a policy or practice of deliberate indifference to constitutional rights. There is also no evidence meeting the elements of battery or negligent and/or intentional infliction of emotional distress. The summary judgment record also does not support a claim for negligent hiring, training and supervision. There are no remaining issues of material fact and Defendants are entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Partial Judgment on the Pleadings [Doc. #30] is moot, Defendants' Amended Motion for Partial Judgment on the Pleadings [Doc. #34] is GRANTED and Defendants' Motion for Summary Judgment is GRANTED [Doc. #36]. Accordingly, all of Plaintiff's claims for relief are dismissed with prejudice and judgment is entered on behalf of Defendants.

DATED this 21st day of May, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE